IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MAGGIE E. KITT, | CV 03-1676 TC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| JOANNE B. BARNHART Commissioner of Social Security, | |
| Defendant. | |

COFFIN, Magistrate Judge:

Plaintiff Maggie Kitt brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Disability Insurance Benefits and Supplemental Security Income benefits. For the reasons set forth below, the Commissioner's decision should be remanded for payment of benefits.

Kitt was 25 years old at the time of the hearing. She has a high school education, and has

1 - FINDINGS AND RECOMMENDATION

worked as a waitress, day care worker, and transcription aide. She contends that she has been disabled since September 15, 1999. The medical records accurately set forth Kitt's medical history as it relates to her claim. The court has carefully reviewed the records, and the parties are familiar with them. Accordingly, the details will not be recounted here.

The ALJ found Kitt had not engaged in substantial gainful activity since September 15, 1999, and that she was disabled by a combination of mental impairments and substance abuse between September 15, 1999, and April 1, 2001. The ALJ found that substance abuse was a material factor in Kitt's disability until April 1, 2001, and that thereafter her remaining mental impairments did not meet or equal one of the listed impairments. The ALJ found that Kitt is not credible, and that she retains the capacity to perform her past work as a transcription aide/office helper and bus person/kitchen helper. In the alternative, the ALJ determined that Kitt retains the capacity to work as a motel cleaner, a street cleaner, a general clerk, or a mail clerk.

## DISCUSSION

Plaintiff contends that the ALJ erred by 1) rejecting the opinion of Robert B. Basham, Ph.D.; and 2) rejecting the opinion of Thomas Dooley, Ph. D. The first issue is dispositive and the court need not address the second.

The ALJ found Kitt's residual functional capacity (RFC) to be limited to:

> ...simple, routine, repetitive work that does not involve significant contact with the public and involves only routine contact with co-workers. In addition, she is limited to low-to mid-pace jobs which restrict her from performance of production line work. Tr. 23.

Kitt argues that the ALJ erred by failing to include her limited ability to handle stress, her difficulty dealing with authority figures, and her potential for lack of emotional control.

2 - FINDINGS AND RECOMMENDATION

Dr. Basham performed a psychological evaluation of Kitt on February 14, 2002, in order to evaluate her fitness as a parent. Tr. 697-706. He diagnosed Polysubstance Dependence in early full remission with methadone maintenance, Posttraumatic Stress Disorder, and Borderline Personality Disorder, and assessed a Global Assessment of Functioning score of 41-50. Dr. Basham opined that Kitt's "emotional reactivity and authority conflicts raise questions about whether she would be able to work in a conventional job setting, were it necessary for her to do so." Tr. 703. Dr. Basham wrote:

> Ms. Kitt's immediate life seems to be reasonably stable, with
> no recent changes in relationships, long-term involvement in a
> treatment program, and no recent changes in terms of housing
> or employment. If her level of stress were to increase, there
> would probably be more outward signs of her borderline person-
> ality disorder. Tr. 703-04.

The ALJ stated:

> Examining psychologist Dr. Basham also reported inconsistencies
> in the results of his evaluation and the reports that the claimant was
> performing well in providing care to her child. He also reported
> that the claimant over-reported on several testing instruments. She
> obtained a high score on the "F" scale of the Minnesota Multiphasic
> Personality Inventory (MMPI) which Dr. Basham interpreted as
> suggesting a tendency to emphasize her problems and difficulties.
> Dr. Basham opined that due to dependency issues, he found it
> difficult to imagine the claimant functioning as a working single
> mother; however, he made no statement that she is incapable of
> working. Tr. 19.

As to purported inconsistencies between Dr. Basham's evaluation and the reports that Kitt was performing well in caring for her child, Dr. Basham explicitly notes that Kitt's mental status is fragile and that he remains "concerned about her potential for deterioration, in spite of positive reports regarding her care of her son." Tr. 703. With respect to Kitt's tendency to

emphasize her problems, Dr. Basham stated:

> However, over-responding is common among applicants for SSI, and it is thus notable that Ms. Kitt inquired early in the interview about the possibility of providing results of this evaluation to her attorney....Still, the high scores on this test are consistent with Ms. Kitt's considerable emotional distress during the interview itself, and it is uncertain whether results would have been any different were she not in the process of applying for disability benefits....Ms. Kitt shows a highly elevated profile, with 9 out of 10 clinical scales well over the usual cutoff for significance. She had several scores at similar levels, leaving her with an ambiguous codetype. Her pattern does suggest a high level of emotional distress, but further indicates considerable confusion, impulsivity, and a high level of general distress. Tr. 702.

If an examining psychologist's opinion is uncontradicted it cannot be rejected without clear and convincing reasons supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.2d 821, 830 (9th Cir. 1995); *Edland v. Massanari*, 253 F.3d 1152, 1158-1159 (9th Cir. 2001). Dr. Basham's opinions regarding Kitt's ability to handle stress, particularly the stress of employment, her emotional reactivity, and authority conflicts, are uncontradicted. The ALJ erred by failing to include these significant limitations in his RFC analysis. The court should credit Dr. Basham's opinions as a matter of law.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel,* 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178.

The Vocational Expert (VE) testified that a hypothetical person who cried one to three times a day, for fifteen minutes at a time, would be unable to maintain employment. Tr. 86. It is clear from the record that the ALJ would have to award benefits if this matter were remanded for further proceedings. Accordingly, the court should remand this case for the purpose of permitting the Commissioner to calculate and to award benefits to Kitt as of April 1, 2001.

## RECOMMENDATION

The court should reverse the decision of the Commissioner and remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with these Findings and Recommendations and final judgment should be entered.

Dated this 31 day of March, 2005.

THOMAS M. COFFIN
United States Magistrate Judge